UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| IN THE MATTER OF:<br>Joseph G. DuMouchelle, and<br>Melinda J. Adducci<br><br>Debtors. | Bankruptcy Case No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| Fred J. Dery, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>Macy's, Inc.,<br><br>Defendant. | Adversary Proceeding No. 21-_____<br>Hon. Lisa S. Gretchko |

## COMPLAINT

**NOW COMES** Plaintiff and Chapter 7 Trustee, Fred J. Dery (the "Plaintiff"), by and through his counsel, Stevenson & Bullock, P.L.C., and for his Complaint hereby states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of the Debtor (the "Estate" or "Bankruptcy Estate").

2. The Defendant, Macy's, Inc. (the "Defendant"), is a consumer goods retailer headquartered in the state of New York with locations in 43 states,

1

including Michigan. Bloomingdale's, Macy's, and Bluemercury are its retail brands, with several locations operated in the Eastern District of Michigan.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

6. On October 11, 2019 (the "Petition Date"), the debtors, Joseph G. DuMouchelle, and Melinda J. Adducci (collectively, the "Debtors"), filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

7. On December 4, 2019, the bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code pursuant to the *Order Converting Case to Chapter 7* (the "Conversion Order") [Docket No. 57].

8. The Plaintiff is the duly qualified and permanent trustee in this Chapter 7 case and over the Bankruptcy Estate.

9. Between and including October 11, 2013 and October 10, 2019, the Debtors transferred funds to Defendant, including, but not limited to, payments of

2

at least $11,740.12 to Defendant's retail brand, Bloomingdale's, between and including December 18, 2015 and August 16, 2019 (the "Transfers").

10. The Debtors received less than reasonably equivalent value from the Defendant in exchange for the Transfers.

11. At the time of the Transfers, the Debtors were unable and/or unwilling to pay their debts as they came due. By way of example, the Debtors disclosed more than $22,000,000.00 of unsecured debt on Schedule E/F, with at least $16,000,000.00 incurred in 2019, the year the bankruptcy case was filed.

12. The Debtors were insolvent on the dates of the Transfers or became insolvent as a result of the Transfers.

## COUNT I – FRAUDULENT TRANSFER<br>PURSUANT TO 11 U.S.C. § 548

13. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

14. 11 U.S.C. § 548 of the Bankruptcy Code provides:

> "(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or in voluntarily –
>
> > (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

    (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

    (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

    (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

    (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

15. Between and including October 11, 2017 and October 11, 2019, within two (2) years prior to the Petition Date, the Debtors made several transfers to the Defendant in an amount not less than $3,518.76.

16. The Transfers were transfers of the Debtors' interests in property.

17. The Debtors received less than reasonably equivalent value in exchange for the Transfers and the Debtors (i) were insolvent on the date of the Transfers or became insolvent as a result of such Transfers; (ii) were engaged in business or a transaction, or were about to engage in business or a transaction, for

which any property remaining with the Debtors was an unreasonably small capital; and/or (iii) intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

18. Alternatively, the Debtors made the Transfers with actual intent to hinder, delay, or defraud an entity to which they were or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

19. The Trustee may avoid the Transfer as a fraudulent conveyance pursuant to 11 U.S.C. §§ 544 and 548.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter a Judgment in the Plaintiff's favor avoiding the Transfers in their entirety as a fraudulent conveyance under 11 U.S.C. §§ 544 and 548, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT II – FRAUDULENT TRANSFER PURSUANT TO MCL § 566.34, *et seq.*

20. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

21. The Trustee may avoid the Transfers as voidable transfers and recover damages from Defendant pursuant to 11 U.S.C. § 544 through the Michigan Uniform Voidable Transactions Act, specifically M.C.L.A. § 566.31 *et seq*.

22. M.C.L.A. § 566.34 provides:

(1) Except as otherwise provided in subsection (4), a transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following circumstances:

> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:
> > (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
> > (ii) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

23. A transfer is recoverable pursuant to M.C.L.A. § 566.35 which states, in relevant part:

(1) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at

6

that time or the debtor became insolvent as a result of the transfer or obligation.

24. Such transfers are recoverable pursuant to M.C.L.A. § 566.38 which states, in relevant part:

> (2) To the extent a transfer is avoidable in an action by a creditor under section 7(1)(a), all of the following rules apply:
> (a) Except as otherwise provided in this section, the creditor may recover a judgment for the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against either of the following:
> (i) The first transferee of the asset or the person for whose benefit the transfer was made.
> (ii) An immediate or mediate transferee of the first transferee, other than either of the following:
> (A) A good-faith transferee who took for value.
> (B) An immediate or mediate good-faith transferee of a person described in sub-subparagraph (A).
> (b) Recovery pursuant to section 7(1)(a) or (2) of or from the asset transferred or its proceeds, by levy or otherwise, is available only against a person described in subdivision (a)(i) or (ii).
>
> (3) If the judgment under subsection (2) is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require.

25. The Transfers were made by the Debtors with the actual intent to hinder, delay, or defraud creditors of the Debtors. Accordingly, the Transfers are avoidable pursuant to, *inter alia*, MCL § 566.34(1)(a) and 11 U.S.C. § 544(b).

7

21-04226-lsg    Doc 1    Filed 10/09/21    Entered 10/09/21 16:28:36    Page 7 of 11

26. The Debtors received less than reasonably equivalent value in exchange for the Transfers and (1) were insolvent on the dates of the Transfers; (2) were engaged in business or a transaction for which any property remaining with the Debtors were unreasonably small in relation to the business or transaction; and/or (3) intended to incur, or believed or reasonably should have believed that they would incur debts that would be beyond their ability to pay as such debts became due. Accordingly, the Transfers are avoidable pursuant to MCL § 566.34(1)(b) and 11 U.S.C. § 544(b).

27. The Transfers were of the Debtors' interest in property.

28. The Transfers were made within six (6) years prior to the Petition Date.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter a Judgment in the Plaintiff's favor avoiding the Transfers in their entirety as a fraudulent conveyance under 11 U.S.C. §§ 544 and 548, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

### COUNT III – RECOVERY OF AVOIDABLE TRANSFER PURSUANT TO 11 U.S.C. § 550(a)

29. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

30. Pursuant to Section 550(a) of the Bankruptcy Code, to the extent that a transfer is avoided under Section 544 or 548 of the Bankruptcy Code, the Plaintiff may seek to recover, for the benefit of the estate, the property transferred or the value of the property from the initial transferee of the transfer or the entity for whose benefit the transfer was made, or any immediate or mediate transferee of such initial transferee.

31. The Defendant is the initial transferee of the avoidable Transfer or the immediate or mediate transferee of such initial transferees or the persons for whose benefit the avoidable Transfer was made.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against the Defendant under 11 U.S.C. § 550(a) for a money judgment that is not less than the value of the Transfers, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

### COUNT IV – PRESERVATION OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 551

32. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

33. Pursuant to Section 551 of the Bankruptcy Code, any transfer avoided under Section 544 or 548 is automatically preserved for the benefit of the estate.

9

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter a Judgment in the Plaintiff's favor against the Defendant under 11 U.S.C. §551 for a money judgment that is not less than the value of the Transfers, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Kimberly Bedigian (P54812)
Elliot G. Crowder (P76137)
Counsel for Plaintiff
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: kbedigian@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: October 9, 2021